IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ALLENBERG COTTON CO.,
A DIVISION OF LOUIS DREYFUS
CORPORATION,

    Plaintiff,

v.        No. 06-2449

STAPLE COTTON COOPERATIVE
ASSOCIATION,

    Defendant.

_____

ORDER GRANTING MOTION OF DEFENDANT TO TRANSFER CASE
_____

The Plaintiff, Allenberg Cotton Co., a Division of Louis Dreyfus Corporation ("Allenberg") brought the instant action against the Defendant, Staple Cotton Cooperative Association ("Staple Cotton"), alleging violations of the United States Warehouse Act, 7 U.S.C. § 241 et seq., Tennessee statutory law, Tenn. Code Ann. § 47-7-202, and the Tennessee common law doctrine of negligent misrepresentation.  Before the Court is the Defendant's motion to dismiss for failure to state a claim, Fed. R. Civ. P. 12(b)(6), and for failure to join an indispensable party, Fed. R. Civ. P. 12(b)(7), or in the alternative to transfer venue to the Northern District of Mississippi.  The Plaintiff has responded, and this motion is now appropriate for disposition.  For the reasons set forth below, the motion to transfer venue is GRANTED.

BACKGROUND

The Plaintiff has alleged the following in its complaint.  Allenberg is a Delaware corporation

1

with its principal place of business in Cordova, Tennessee. (Compl. ¶ 1). Staple Cotton is a cooperative marketing association organized under Tennessee law with its principal place of business in Greenwood, Mississippi. (Compl. ¶ 2). In October 2005, Allenberg purchased cotton from Mid-Delta Growers, Inc. ("Mid-Delta"). (Compl. ¶ 6). During the processing of the cotton by Mid-Delta, the cotton became contaminated with hydraulic fluid, "thereby destroying its merchantability." (Compl. ¶ 7). Thereafter, Mid-Delta delivered the cotton to Staple Cotton, which is a federally licensed cotton warehouse, in Mississippi. (Compl. ¶ 8). Staple Cotton's purpose in taking possession of the cotton was twofold: "storage and issuance of negotiable warehouse receipts to transfer title." (Id.). After receiving the cotton, Staple Cotton issued negotiable warehouse receipts describing the cotton's "quality, condition, and weight . . . ." (Compl. ¶ 9). However, the receipts did not reflect the presence of the hydraulic fluid contaminant, even though the substance was clearly visible upon inspection by employees of Staple Cotton. (Compl. ¶¶ 15, 16, 17). Staple Cotton had sole possession of the cotton from delivery by Mid-Delta until the Defendant began shipping the cotton from its warehouse. (Compl. ¶ 13).

Allenberg claims it relied on the warehouse receipts issued by Staple Cotton in purchasing the cotton in question. (Compl. ¶ 20). Because of the clearly visible presence of the hydraulic fluid, Staple Cotton knew or should have known that the cotton was not merchantable. (Id.). According to the Plaintiff, the Defendant had a duty pursuant to the United States Warehouse Act to inspect the cotton and accurately describe whether it met the industry standards for merchantability. (Compl. ¶ 21).

## I. MOTION TO TRANSFER

Staple Cotton initially notes that Allenberg has not joined Mid-Delta, the Mississippi farmers

("farmers") who grew the cotton, or the Mississippi buyer ("buyer") from whom Allenberg purchased the cotton. Staple Cotton also indicates that it intends to but cannot implead Mid-Delta because this Court would not have jurisdiction over Mid-Delta. See Fed. R. Civ. P. 4(k)(1)(B).[1] Staple Cotton thus urges this Court to transfer this case to the Northern District of Mississippi for the convenience of the witnesses and in the interest of justice to avoid the multiplicity of litigation that would occur if the motion to transfer was not granted.

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This Court is afforded "broad discretion under § 1404(a)." Fannin v. Jones, 229 F.2d 368, 370 (6th Cir. 1956) (per curiam). A district court may consider several factors when deciding whether to transfer a case under § 1404, including "the private interests of the parties," Thomas & Betts Corp. v. Hayes, 222 F. Supp. 2d 994, 997 (W.D. Tenn. 2002), "the relative ease of access to sources of proof," the availability of compulsory process for unwilling witnesses, "the costs of obtaining attendance of willing[] witnesses," the relative ability of litigants to bear expenses in any particular forum, public interest concerns, and other practical problems affecting the case. Leopard Roofing Co. v. Asphalt Roofing Indus. Bureau, 190 F. Supp. 726, 730 (E.D. Tenn. 1960) (citations omitted).

A.  Convenience of the Parties

It is clear that a plaintiff's choice of forum is a factor that a court must consider and give deference to when deciding a motion to transfer under section 1404(a). See Mead Data Cent., Inc.

---

[1] Staple Cotton likewise asserts that it is unlikely that this Court could exercise jurisdiction over the farmers or the buyer.

3

v. W. Publ'g, 679 F. Supp. 1455, 1465 (S.D. Ohio 1987).  While important, a plaintiff's choice of forum is not altogether controlling as Congress' enactment of § 1404(a) has given district courts broader discretion when considering the propriety of a motion to transfer.  See Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S. Ct. 544, 546 (1955).[2]  When a given action has a limited connection with the forum, the plaintiff's choice is to be afforded less weight than would otherwise be the case.  Mead Corp. v. Oscar J. Boldt Constr. Co., 508 F. Supp. 193, 198 (S.D. Ohio 1981). In this case, Allenberg is domiciled in this forum, and is a resident of the Western District of Tennessee where venue has been asserted.  The Court finds that this factor applies but affords it little weight given the limited connection the events giving rise to this cause of action have to this district.

B.     Convenience of the Witnesses

As previously mentioned, other factors a court should consider in ruling on a motion to transfer include the "relative access to proof and the availability of compulsory process for unwilling

---

[2]The United States Supreme Court in Norwood stated,

> When Congress adopted § 1404(a), it intended to do more than just codify the existing law on forum non conveniens. As this Court said in Ex parte Collett, 337 U.S. 55-61, 69 S. Ct. 944, 947, 93 L. Ed 1207, Congress, in writing § 1404(a), which was an entirely new section, was revising as well as codifying. The harshest result of the application of the old doctrine of forum non conveniens, dismissal of the action, was eliminated by the provision in s 1404(a) for transfer. When the harshest part of the doctrine is excised by statute, it can hardly be called mere codification. As a consequence, we believe that Congress, by the term "for the convenience of parties and witnesses, in the interest of justice," intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader.

349 U.S. at 32, 75 S. Ct. at 546.

witnesses, as well as the cost of obtaining willing[] witnesses . . . ." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 102 S. Ct. 252, 258 (1981) (citation and internal quotation marks omitted). "Probably the most important factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28 U.S.C. § 1404(a), is the convenience of witnesses." 15 Wright, Miller & Cooper, Federal Practice and Procedure, § 3851. These considerations weigh in favor of transfer to the Northern District of Mississippi as the Court concludes that Mississippi is where the majority of witnesses to the circumstances surrounding this litigation can be found and proof relative to the claims can be obtained.

C.   Interest of Justice

Finally, avoiding the multiplicity of litigation is important for a court to consider when assessing whether transfer of a case is in the "interest of justice." See, e.g., Continental Grain Co. v. Barge FBL585, 364 U.S. 19, 20-21, 80 S. Ct. 1470, 1471-1472 (1960) (finding transfer of case under § 1404(a) so that two lawsuits arising from single occurrence would be heard in same venue to be "in the interest of justice"); Tex. Utils. Co. v. Santa Fe Indus., Inc., 553 F. Supp. 106, 113 (N.D. Tex. 1982) ("There is a substantial likelihood proceeding with this action in Texas will give rise to multiple litigation. This can be avoided by transferring this action to New Mexico where Hospah can be joined; such a transfer clearly supports the general policies underlying Rule 19, Fed. R. Civ. P., and 28 U.S.C. § 1404(a)."); see also Kay v. Nat'l City Mortgage Co., __ F. Supp. 2d __, 2007 WL 1965039, at *6 (S.D. Ohio July 9, 2007) (stating that "avoidance of a multiplicity of litigation is an important factor in determining what "the interests of justice" require.) (citing Continental Grain Co., 364 U.S. at 20-21, 80 S. Ct. at 1471-72).

The Court finds this factor also favors transfer. Here, Staple Cotton has clearly indicated that

it will seek to file a third party complaint against Mid-Delta, which is apparently not subject to the subpoena power of this Court. Fed. R. Civ. P. 4(k)(1)(B) (one-hundred mile rule).[3] Absent transfer, the inability of including this potential party as well as others would result in multiple lawsuits, which could in turn produce inconsistent results as to the legal issues relative to this dispute.

## CONCLUSION

For the reasons stated herein, the Court finds that for the convenience of the parties and witnesses and in the interest of justice, the motion to transfer this case to the Northern District of Mississippi is GRANTED.

IT IS SO ORDERED this 25th day of July, 2007.

                      s/ J. DANIEL BREEN
                      UNITED STATES DISTRICT JUDGE

---

[3] It appears to the Court that Winterville, Mississippi, where Mid-Delta is located, is more than one hundred miles from this district. See http://www.geobytes.com/CityDistanceTool (last visited July 25, 2007). In any event, the Court notes that the record before it contains no basis for jurisdiction over this Mississippi corporation.